UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**ANTWON D. JENKINS,**
    Plaintiff,

v.                                      **Case No. 1:20-cv-1815-CLM-SGC**

**UNITED STATES OF AMERICA,**
    Defendant.

## MEMORANDUM OPINION AND ORDER

The magistrate judge entered a report recommending the court deny the cross motions for summary judgment filed by Plaintiff Antwon D. Jenkins and Defendant the United States of America. (Doc. 42). Jenkins objects to the report and recommendation (doc. 47), but the United States hasn't objected.

Jenkins asks the court to reject the magistrate judge's conclusion that the United States' failure to properly administer the drug test did not qualify as a breach of duty. (Doc. 47 at 1). He argues (1) the United States' conduct is not covered by the discretionary function exception; (2) the United States violated its duty under 18 U.S.C. § 4042(a)(3) to provide "protection, instruction, and discipline of all prisoners charged with or convicted of offenses against the United States"; and (3) the requirement in Bureau of Prison Program Statement 6060.08 that BOP lieutenants "be proficient in using the Narcotic Identification Kit" establishes the required duty in properly administering the NIK drug test.

For three reasons, the court overrules Jenkins' objections. First, the magistrate judge did not find that the United States had not breached its duty of care. Instead, she found neither party had properly addressed whether a duty of care existed or whether the United States' conduct breached that duty. Second, Jenkins did not present any of these arguments in his initial motion for summary judgment and response to the United States' motion for summary judgment. He instead brings these arguments for the first time in his objection to the Report and Recommendation. This court may decline to consider an

argument not made to the magistrate judge, *see Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009), so the court will exercise its discretion and decline to consider Jenkins' untimely arguments. Finally, even if the court considered these late arguments, the magistrate judge also determined there is a question of fact about whether Jenkins' detention in the Special Housing Unit proximately caused his alleged physical injuries. (Doc. 42 at 12). And because there is a question of fact on proximate cause, Jenkins isn't entitled to summary judgment. So the court will deny the parties' cross motions for summary judgment, and this case will proceed to trial. Jenkins may renew his arguments about the duty of care and breach of duty at trial.

After considering the record, including the magistrate judge's report and Jenkins' objections, the court **OVERRULES** Jenkins' objections (doc. 47), **ADOPTS** the report (doc. 42), and **ACCEPTS** the recommendation. Consistent with that recommendation, the court **DENIES** the parties' cross motions for summary judgment (docs. 32, 35). The court **REFERS** this matter to the magistrate judge for further proceedings.

**Done** and **Ordered** on August 28, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE