FILED
2024 Mar-20  AM 09:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

**ANTWON D. JENKINS,**
     Plaintiff,

**v.**
                                     **Case No. 1:20-cv-1815-CLM-SGC**

**UNITED STATES OF
AMERICA,**
     Defendant.

## MEMORANDUM OPINION AND ORDER

In this Federal Tort Claims Act ("FTCA") case, Plaintiff Antwon D. Jenkins alleges that prison officials intentionally disregarded NIK drug test instructions, which resulted in a brown piece of paper in Jenkins' possession testing positive for amphetamine. Jenkins was then sanctioned with 30 days of disciplinary segregation in the Special Housing Unit ("SHU"). The United States moves for partial dismissal, arguing that the discretionary function exception to the FTCA bars Jenkins from seeking damages related to his placement in the SHU. (Doc. 70).

For the reasons stated within, the court **GRANTS IN PART** and **DENIES IN PART** the United States' motion (doc. 70). At trial, Jenkins cannot challenge prison officials' decision to place him in the SHU or the sanitation of the SHU. But Jenkins can present evidence that being in the SHU caused him mental anguish. He can also present evidence that while in the SHU he suffered from asthma attacks and contracted staph infection. If the court finds that Jenkins suffered from mental anguish, asthma attacks, and staph infection and that those ailments were proximately caused by a failure to follow the NIK drug test instructions, it ***might*** award Jenkins damages under the FTCA.

## BACKGROUND

### A.    Statement of the Alleged Facts

While incarcerated at FCI Talladega, Jenkins was approached by a correctional officer who conducted a random search of Jenkins. (Doc. 1, p. 11). During the search, the officer found a brown piece of paper covered in some substance that Jenkins explained was Vaseline. (*Id.*). But the officer insisted that the paper was covered with a controlled substance. (*Id.*). About an hour later, Lieutenant William Epps informed Jenkins that he was being placed in the SHU for possession of amphetamine. (*Id.*). Another officer then searched Jenkins and found a second piece of paper with some substance on it. (*Id.*). That officer confirmed the substance was Vaseline, and Jenkins explained the second piece of paper had been attached to the first. (*Id.*). But the officers threw this second piece of paper away and still housed Jenkins in the SHU. (*Id.*).

At a disciplinary hearing, a technician testified that he tested Jenkins' brown paper using NIK field test kit "A" and that the paper tested positive for amphetamine. (Doc. 17-2, p. 34). Jenkins was then found to have possessed narcotics and sanctioned with 30 days of disciplinary segregation, the loss of 41 days of good time credit, and the loss of visitation privileges for a year. (*Id.*). While housed in the SHU, Jenkins contracted staph infection and suffered from two asthma attacks. (Doc. 1, p. 12).

Jenkins filed a habeas petition under 28 U.S.C. § 2241 with this court, alleging BOP staff failed to adhere to the NIK drug test instructions and improperly administered the drug test. (Doc. 42, p. 7). In response, the BOP expunged the disciplinary sanction against Jenkins for possession of narcotics and restored his visitation rights and good time credits. (*Id.*).

### B.    Procedural History

Jenkins' pro se complaint brought two claims: (1) a claim that prison officials didn't follow the NIK drug test's instructions when testing the piece of paper that allegedly contained an illicit substance, which resulted in a false positive for amphetamine; and (2) a claim that prison officials failed to provide Jenkins with adequate medical care and permitted unsanitary conditions in the SHU. (Doc. 1, p. 14). The court granted the United States' motion to dismiss Jenkins' claim related to his alleged lack of adequate medical care and the unsanitary conditions of the SHU as time barred. (Docs. 29, 31). The court denied the United States' motion to dismiss Jenkins' claim related to improper administration of the drug test. (*Id.*).

The United States and Jenkins then cross-moved for summary judgment on Jenkins' remaining claim. (Docs. 32, 34, 35). The court construed Jenkins' NIK drug test claim as claims of negligence and malicious prosecution (doc. 42, pp. 8–9) and denied the parties' motions (docs. 42, 48). After the court set a bench trial for May 13, 2024, the United States moved to dismiss the portion of Jenkins' remaining claims related to his disciplinary segregation in the SHU and alleged physical injuries incurred in the SHU. (Doc. 70).

### STANDARD OF REVIEW

The court construes the United States' motion as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) may raise a facial or factual attack on this court's subject matter jurisdiction. *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). "A facial attack challenges whether a plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations omitted). "A factual attack, in contrast, challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* (quotations omitted). In assessing a factual attack, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

ANALYSIS

The FTCA includes a limited waiver of sovereign immunity for "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Exempt from this waiver of sovereign immunity is "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In deciding whether the discretionary function exception applies, this court must consider (1) whether the conduct at issue involves "an element of judgment or choice," and, if so, (2) "whether that judgment is grounded in considerations of public policy." *Cohen v. United States*, 151 F.3d 1338, 1341 (11th Cir. 1998).

1. <u>Relevant conduct</u>: As the United States points out, the Eleventh Circuit "has squarely held that . . . inmate-classification and housing-placement decisions . . . involve[ ] a discretionary function or duty protected by § 2680(a)'s exceptions." *Shivers v. United States*, 1 F.4th 924, 929 (11th Cir. 2021) (quotations omitted). So Jenkins cannot challenge the decision to house him in the SHU under the FTCA. And another judge on this court has persuasively explained why "allegations of negligence related to the sanitation of the prison fall under the discretionary function exception." *See Gilchrist v. United States*, 2023 WL 4537004, at *5–6 (N.D. Ala. June 13, 2023); *see also Dugan v. Warden, FCC Coleman–USP I*, 673 F. App'x 940, 943 (11th Cir. 2016) ("[T]he BOP maintains discretion to decide the manner and frequency with which personal hygiene items and showers will be made available: details which are not specified by statute or regulation"). So the court finds that the discretionary function exception would bar Jenkins from bringing a claim based on prison officials' alleged failure to keep the SHU sanitary.

But the first step in this court's discretionary function analysis is to "determine exactly what conduct is at issue." *Autery v. United States*, 992 F.2d 1523, 1527 (11th Cir. 1993). And as Jenkins explains, he is not challenging the decision to place him in the SHU or prison officials' sanitation procedures related to the SHU. Instead, Jenkins challenges the failure to follow the instructions for using a NIK drug test. The United States concedes that applying the NIK drug test kit instructions isn't conduct that falls under the discretionary function exception. (Doc. 70, p. 2). So the United States' discretionary function exception arguments don't prevent Jenkins' NIK test-based claims from proceeding to trial.

2. <u>Damages</u>: The United States, however, argues that "to the extent that [Jenkins] asserts placement in the SHU as part of the damages element of his malicious prosecution and negligence claims, that portion of the claims is barred by the discretionary function exception and the Court lacks subject matter jurisdiction over that portion of [Jenkins'] claims." (Doc. 73, p. 5). So the United States asks the court to dismiss "the portions of [Jenkins'] claims, including the element of damages, related to the commencement of disciplinary proceedings, the decision to place [Jenkins] in the SHU, and the conditions of confinement in the SHU." (*Id.*, p. 8).

By its plain language, the discretionary function exception is concerned with the act or omission that a plaintiff bases his claim on. *See* 28 U.S.C. § 2680(a) (Discretionary function exception bars "[a]ny **claim** . . . **based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty** on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." (emphasis added)). And in deciding whether the discretionary function exception applies, this "court must examine whether **the challenged conduct** is discretionary in nature or whether **the conduct** involves an element of judgment or choice." *See U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009) (emphasis added). That's because "[t]he discretionary function exception is intended to prevent courts from second-guessing administrative decisions grounded in social, economic, or political policy through the medium of an action in tort." *Id.* (cleaned up).

Again, the challenged conduct is the application of the NIK drug test kit's instructions. As the United States concedes, that conduct doesn't involve an element of judgment or choice. *See Shiver*, 1 F.4th at 931 ("[T]here is no discretion to exercise when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." (quotations omitted)). And the cases the United States cite stand for the unremarkable proposition that when the alleged tortious conduct is a housing classification decision or failure to properly sanitize a prison the discretionary function exception applies. They do not establish, as the United States suggests, that liability for conduct that falls outside the discretionary function exception is still curtailed by the discretionary function exception if the plaintiff's claimed damages would be barred in a hypothetical suit that challenged conduct that falls within the discretionary function exception. So the court finds that any damages Jenkins can show were proximately caused by the failure to follow the NIK drug test kit's instructions aren't exempt from the FTCA's waiver of sovereign immunity. That includes damages related to Jenkins being in the SHU, suffering from asthma attacks, and contracting staph infection as long as Jenkins can establish that the 'but for' cause of those damages was the failure to follow the NIK drug test kit's instructions.

## CONCLUSION

In sum, the court **GRANTS IN PART** and **DENIES IN PART** the United States' motion for partial dismissal (doc. 70). At trial, Jenkins cannot challenge prison officials' decision to place him in the SHU or the sanitation of the SHU. But the discretionary function exception doesn't prevent Jenkins from arguing that the failure to follow the NIK drug test kit's instructions proximately caused damages he allegedly suffered while housed in the SHU.

**DONE** and **ORDERED** on March 20, 2024.

_____

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE